Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho  83205-6009
Telephone:  (208) 232-4471
FAX: (208) 232-1808
Email: tsmith8206@cableone.net

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of:                        ) | Case No. 19-40124-JMM |
|                                          ) | |
| STEVEN C. WALLWORK,            ) | Chapter 7 |
|                                          ) | |
| Debtors.                              ) | |
|                                          ) | |

**AMENDED OBJECTION TO CLAIM OF EXEMPTION**

COMES NOW R. Sam Hopkins, Trustee, by and through his attorneys, pursuant to Rule 4003(b)(1), Federal Rules of Bankruptcy Procedure, and amends the Trustee's Objection to Claim of Exemption (Document No. 19) filed on April 12, 2019. This matter is already scheduled for a hearing on August 28, 2019, at 9:00 a.m. (Document No. 28.) This amended objection is based on the following grounds:

1.    The Trustee's prior objection asks the Court to deny the Debtor's claimed homestead exemption under 11 U.S.C. § 522(o) because the exemption is based on funds that would otherwise not be exempt. Specifically, the Debtor obtained unsecured loans from his credit cards that he applied to his homestead property which would implicate 11 U.S.C. § 522(o) if the transfers were done with intent to defraud, hinder, or delay creditors. The Trustee continues to object to the claimed homestead exemption on this basis while he investigates this matter.

**AMENDED OBJECTION TO CLAIM OF EXEMPTION - Page 1**

2.  The Trustee objects to the Debtor's claimed homestead exemption under Idaho Code §§ 55-1003 and 55-1013[1] because the Debtor must claim Maryland exemptions.

3.  The Debtor's schedules indicate he was domiciled in both Idaho and Maryland during the 730-day period immediately prior to filing his petition, February 14, 2017, to February 14, 2019, and he was domiciled in Maryland during the entire 180-day period prior to the 730-day period. (Document No. 1, pp. 38, 50.)

4.  The applicable state law to apply to claim exemptions is determined by a debtor's domicile for the 730 days immediately prior to filing the petition. *In re Rodenbough*, 579 B.R. 545, 548-49 (Bankr. D. Idaho 2018) (citing 11 U.S.C. § 522(b)(3)(A)). If a debtor was domiciled in more than one state during the 730-day period, then the applicable state law is determined by the debtor's domicile for the longer time during the 180 days immediately prior to the 730-day period. *Id*.

5.  If a state opts out of the federal exemptions, a debtor may still claim the federal exemptions but only if the debtor cannot claim any exemptions under the applicable state exemptions as determined by the 180-day period. *Id.* at 551. The relevant inquiry regarding whether a non-resident may claim any exemptions is not whether the applicable state's opt-out statute is limited to residents, but whether the state's specific property exemptions are limited to residents. *In re Wilson*, No. 14-20557-TLM (Bankr. D. Idaho, Jan. 13, 2015) (citing *In re Kelsey*, 477 B.R. 870, 877 (Bankr. M.D. Fla. 2012)).

6.  Maryland has "opted out" of the federal exemptions, so debtors claiming Maryland exemptions must select from the available Maryland exemptions. *In re Raskin*, 505 B.R. 684, 689 (Bankr. D. Md. 2014) (citing Md. Code Ann., Cts. & Jud. Proc. § 11-504(g) ("In any bankruptcy

---

[1] Idaho Code § 55-1013 does not exist.

**AMENDED OBJECTION TO CLAIM OF EXEMPTION - Page 2**

proceeding, a debtor is not entitled to the federal bankruptcy exemptions provided by § 522(d) of the federal Bankruptcy Code.")).

7.  Several Maryland exemptions are available to non-resident debtors, but only debtors domiciled in Maryland may claim the Maryland Homestead exemption. *In re Brooks*, 393 B.R. 80, 86 (Bankr. M.D. Pa. 2008) (citing Md. Code Ann., Cts. & Jud. Proc. § 11-504(b) and (g). As a result, debtors claiming Maryland exemptions who are not domiciled in Maryland cannot claim federal exemptions under 11 U.S.C. § 522(b)(3) because they are still entitled to claim other Maryland exemptions. *Id*.; *see also In re Rodenbough*, 579 B.R. at 551.

8.  Under the relevant statutory provisions, the Debtor must claim Maryland exemptions because he was domiciled in Maryland the entire time during the applicable 180-day period, and Maryland has opted out of the federal exemptions. The Debtor cannot claim the Maryland homestead exemption for his Idaho real property because he is not currently domiciled in Maryland. The Debtor also cannot claim the federal exemptions under 11 U.S.C. § 522(b)(3) because he is still entitled to claim other Maryland exemptions.

WHEREFORE, the Trustee respectfully requests that the Court sustain his objection to the Debtor's claimed homestead exemption.

DATED June 7, 2019.

SPINNER, WOOD & SMITH

By  /s/
    Thomas D. Smith

**AMENDED OBJECTION TO CLAIM OF EXEMPTION - Page 3**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on June 7, 2019, I served a true and correct copy of the foregoing document as follows:

| | |
|---|---|
| U.S. Trustee<br><br>ustp.region18.bs.ecf@usdoj.gov | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ] Facsimile |
| Aaron J. Tolson<br><br>ajt@aaronjtolsonlaw.com | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ] Facsimile |
| Steven C. Wallwork<br>132 West 14th Street<br>Idaho Falls, Idaho 83402 | [x] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[ ] ECF Notice<br>[ ] Facsimile |

By: /s/
    Thomas D. Smith